# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KATHY TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 4201 |
| | ) | |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| BILL WINSTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, appearing pro se, submitted to the Court a complaint for violation of constitutional rights [1]. She also filed a motion for attorney representation [4] and an application for leave to proceed in forma pauperis [5].

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed in forma pauperis, the Court must make two determinations: first, the Court must determine that the litigant is unable to pay the $400 filing fee; and, second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(a), (e). The first determination is made through a review of the litigant's assets as stated in an affidavit submitted to the Court. The second is made by looking to the plaintiff's allegations. This case fails on both counts.

Initially, plaintiff's in forma pauperis application is incomplete and does not permit the Court to make the necessary determinations concerning her inability to pay. Plaintiff's allegations similarly fall short. Plaintiff's complaint is a form complaint for violation of constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985. She alleges that "Pastor Bill Winston conspired together with an unidentified individual[] who sought his spiritual insight and strategies to pursue me in harassing and stalking me, which is a violation of my constitutional rights." Complaint [1], ¶10.

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, that is the case. Although plaintiff does not identify the specific statutes upon which she seeks to rely, it is clear that she cannot proceed under any of the statutes she has attempted to invoke (42 U.S.C. §§ 1983, 1985 and 1986).

Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights. As such, to state a claim for relief under § 1983, plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon her by a person acting under color of state law. *E.g., Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Although the Court is obligated to construe *pro se* pleadings liberally, *e.g., Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), plaintiff's allegations do not give rise to a federal cause of action. Plaintiff does not allege state action and there is nothing in the allegations that would allow

the Court to infer that defendant was acting under color of state law. Nor has plaintiff alleged that the unidentified individual with whom defendant allegedly conspired was at any time acting under color of state law. Her allegations fail to state a claim under § 1983.

The only subsection of § 1985 that could conceivably apply is § 1985(3). That section requires a plaintiff to allege, among other things, that defendant intended to harm her out of racial or other class-based invidiously discriminatory animus. *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 390 n.17 (1982); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff makes no claim that defendant intentionally harmed her for reasons of racial or class-based hostility. She has failed to state a claim under § 1985(3). And because the complaint fails to state a § 1985(3) claim, it necessarily fails to state a § 1986 claim. *E.g., Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985).

Accordingly, plaintiff's application for leave to proceed in forma pauperis is denied. Her motion for attorney representation is denied as moot, and her complaint is dismissed.

Date: May 15, 2015

ENTERED:

_____
John Robert Blakey
United States District Judge